

**ORDERED in the Southern District of Florida on August 9, 2022.**



**Peter D. Russin, Judge
United States Bankruptcy Court**

_____

*Tagged Opinion*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

In re:

Majestic Gardens Condominium C
Association, Inc.,

    Debtor.
_____/

Abdul Ali Syed et al,

    Plaintiffs,

v.

Majestic Gardens Condominium C
Association, Inc., et al,

    Defendants.
_____/

Case No. 21-18653-PDR

Chapter 11

Adv. Case No. 22-01137-PDR

## ORDER DENYING MOTION TO VACATE

Debtor Majestic Gardens is a condominium association. The Plaintiffs are a collection of disgruntled unit owners. On April 8, 2022, the Plaintiffs filed this Adversary Proceeding against the Debtor, its Board Members, and two law firms retained by the Debtor.[1] On April 11, 2022, the Court issued the Summons.[2] The Summons includes many important dates including, for example, the deadline to respond to the complaint (May 11, 2022) and the date for the Status Conference (June 15, 2022). Because the summons contains so many important deadlines, Fed. R. Bankr. P. 7004(e) and Local Rule 7004-2 require that it be served with the complaint within 7 days after the summons is issued. In this case, that means Plaintiffs had to serve the Summons and the Complaint by April 18, 2022.

The Court also issued its Order Setting Status Conference and Establishing Procedures and Deadlines (the "Order") the same day it issued the summons.[3] The Order provides many important deadlines, such as the deadlines to meet and confer with the opposing party, to assert jury trial rights, and to object to this Court's entry of final orders. To ensure parties have sufficient time to comply with these deadlines, the Order requires that it be served with the Summons and Complaint. The failure to comply with the Order or to appear at the Status Conference is sanctionable by, among other things, dismissal of the Adversary Proceeding. The record reflects, and

---

[1] (Doc. 1).

[2] (Doc. 2).

[3] (Doc. 3).

the Plaintiffs acknowledge, that they did not serve the Summons, Complaint, or Order by April 18, 2022.

Despite this failure, Fed. R. Bankr. P. 7004(e) and Local Rule 7004-2 allow the Plaintiffs to request an alias summons with new enforceable deadlines. But Plaintiffs did not request an alias summons, leaving them without a valid summons to serve.

On May 2, 2022, despite having not been served, one of the defendant law firms filed a motion to dismiss based, in part, on the Plaintiffs' failure to obtain leave of court before seeking relief directed against court-approved counsel.[4] *See Tufts v. Hay*, 977 F.3d 1204, 1208 (11th Cir. 2020). In response, the Plaintiffs amended their complaint on May 13, 2022, and removed both law firms from the Adversary Proceeding.[5]

On June 15, 2022, the Court held the Status Conference as scheduled. Compounding their errors, the Plaintiffs did not appear. The Debtor, despite having never been served, attended. At the Status Conference, the Court discovered that—though this matter had been pending for over two months—the Plaintiffs had failed to timely serve any of the required documents in this case or take appropriate action to correct that mistake. That issue, coupled with the Plaintiffs' failure to appear at the Status Conference, caused the Court to dismiss the Adversary Proceeding.[6]

---

[4] (Doc. 5).

[5] (Doc. 9).
[6] (Doc. 12).

On June 23, 2022, the Plaintiffs requested that the Court vacate the Dismissal Order under Fed. R. Bankr. P. 9006 and 9024.[7] The Debtor opposes the relief.[8]

Fed. R. Bankr. P. 9024 applies Fed. R. Civ. P. 60 to bankruptcy proceedings. Under Rule 60(b)(1), a party may seek relief from a judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." Similarly, under Fed. R. Bankr. P. 9006(b)(1), "when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Excusable neglect is an equitable concept that allows courts to consider providing relief from a prior order or judgment to a party based on considerations such as "the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was in the reasonable control of the Movant, and whether the Movant acted in good faith." *Pioneer Inv. Serv. v. Brunswick Assocs. LP*, 507 U.S. 380, 395 (1993); *Dillworth v. Guerra (In re Garcia)*, 627 B.R. 923, 926 (Bankr. S.D. Fla. 2020). "The most important factor is the reason for the delay which requires a statement of the reasons and a satisfactory explanation for the delay." *Mukamal v. Christal Express Corp. (In re Tiles & Stones, Inc.)*, No. 10-03465-AJC, 2011 WL 1048617, at *2 (Bankr. S.D. Fla. Mar. 18, 2011).

---

[7] (Doc. 15).

[8] (Doc. 19).

The Court dismissed the Adversary Proceeding for two reasons: (1) the Plaintiffs' failure to appear at the Status Conference, and (2) the Plaintiffs' failure to serve the Summons, Complaint, Amended Complaint, or Status Conference Order on the Defendants. The Plaintiffs argue that the Court should vacate the dismissal order and reinstate the case because they (1) failed to appear due to a calendaring error, and (2) believed they did not have to serve the Defendants because they are the Debtor and its board of directors.

Attorneys frequently seek relief for excusable neglect based on calendaring errors. Though some courts have found that scheduling mistakes can constitute excusable neglect, others have determined they do not. *See id.* (collecting cases). The Court need not determine at this time whether the Plaintiffs' calendaring mistake constitutes excusable neglect because, even if it does, the Plaintiffs' additional failures do not satisfy the excusable neglect standard.

The Plaintiffs failed to timely serve the Summons, Complaint, and Order by April 18, 2022. Though inadvisable, this mistake was not fatal because the Federal and Local Rules both provide the Plaintiffs with a way to fix their mistake—request an alias summons. But the Plaintiffs did not do that either. Then, they amended their complaint and failed to serve that on the Defendants as well. Of course, even if they had, the Defendants would not have been on notice of any applicable deadlines because, by the time the Amended Complaint was filed on May 13, 2022, there was no alias summons providing new deadlines.

According to the Plaintiffs themselves, the reason for their failure to follow the basic rules of litigating an adversary proceeding in bankruptcy court was their Counsel's ignorance of the necessity to serve the Debtor and its Board Members in the Adversary Proceeding. Yet, the Plaintiffs provide no support for why they believed that the Debtor and its Board Members were not entitled to the same due process rights as any other defendant. Of course, there is no support for such a proposition. *See* Fed. R. Bankr. P. 7004(b)(9) (explaining how to properly serve a debtor-defendant in an adversary proceeding).

While Plaintiffs' failures in this case result from neglect, that neglect is inexcusable. To qualify to practice before this Court, attorneys must, among other things, "read and *remain familiar* with [the Local Rules], administrative orders, the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, The Florida Bar's Rules of Professional Conduct, and the Bankruptcy Code." Bankr. S.D. Fla. Local R. 2090-1(A)(2) (emphasis added). If the mistakes related to some ambiguous rule, Counsel's error might be excusable. But here, where the matter at issue is simple and fundamental to due process of law, such ignorance cannot be countenanced. Accordingly, the Court **ORDERS** that the *Motion to Vacate* (Doc. 15) is **DENIED**.

# # #

*Copies to all parties in interest.*